IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES CURTIS GWIN                                                     PLAINTIFF

v.                     Civil No.     1:23-cv-01101-SOH-BAB

SHERIFF TOMMY STURGEON; JAIL
ADMINISTRATOR JOHNNY GUY; and                             DEFENDANTS
CORRECTIONAL OFFICER SHARON
GWIN

**REPORT AND RECOMMENDATION**

Plaintiff, James Curtis Gwin, currently an inmate of the Arkansas Department Community Corrections – Southwest Arkansas Community Correction Center, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on November 3, 2023. (ECF Nos. 1, 2). The Court granted Plaintiff's IFP Motion on the same date. (ECF No. 3).

1

At all times relevant to the claims in this matter, Plaintiff was a pretrial detainee at Ashley County Detention Center ("ACDC") in Hamburg, Arkansas. In his Complaint, Plaintiff alleges three claims against three defendants: Sheriff Tommy Sturgeon, Jail Administrator Johnny Guy, and Correctional Officer Sharon Gwin.

In Claim One, Plaintiff claims all Defendants violated his constitutional rights through the conditions of his confinement, by denying his medical care, and a "denial of accusations." (ECF No. 1, p. 4). Plaintiff's specific factual allegations read as follows:

> On August 12th 2023 I was taken by Sheriff's deputies to Ashley County Medical Center and treated for infection as a result of a fellow inmate contaminating my drinking cup with his genitals and urine. The inmate also threatened my life numerous times, and claims to have a sexual relationship with my estranged wife, and correction officer, Sharon Gwin.
>
> On the 13th, while placed in a holding cell under observation, I pleaded with Mrs.Gwin for her help, because my airways were constricted, because the medication had not taken action yet against the infection, she denied calling a medical professional and … laughed in my face as I suffered. I could hardly breathe or swallow food or water until the evening of the 14th. I mentioned the incident to administrator Guy, after being removed from an almost two week quarantine for my infection  His reply was "I'm glad you told me, but that story is false, and was not the reason for your illness." The inmate who contaminated my cup was left in the position of barrack Porter until his departure to ADC two weeks also.  I filed a grievance on 9/3 which is still pending.

(ECF No. 1, pp. 4-5) (errors in original). Plaintiff also alleges official capacity claims related to his factual allegations in Claim One:

> I feel, for one, because of my relationship with officer Gwin, I should have never been incarcerated in this facility to begin with. I am being held for probation violation in Bradley County, and Sheriff Sturgeon was very adamant about bringing me here, from my understanding, for reasons known only to him…I don't personally know Sherriff Sturgeon but from this experience, he seems to be a man who acts Foolishly on impulse, and enjoys stirring up trouble. He knew through my wife and certain Family members of mine that our relationship is troubled, and that my incarceration at Ashley County Detention Center would be a problem for both parties, yet he chose to, rather was adamant to bring me here anyway.
>
> In other words, he knew Full well what he was getting into. Administrator Guy only does what he is told. However, it is my understanding that the welfare of his inmates is his

2

> priority and in that respect, I feel action should have been taken on his part. My grievance has been electronically filed for well out a month, and remains un-checked.

(ECF No. 1, p. 5).

In Claim Two, Plaintiff alleges an excessive force claim and a conditions of confinement claim against Defendant Gwin. Plaintiff specifically claims:

> The night of August 25th, Officers Gwin and James Montana approached my cell and demanded my secondary sleeping mat. I refused because I had permission from administrators to have the mat. Officer Gwin threatened numerous times to mace me. I held my ground and Ms. Gwin was talked down by officer Montana. My mat was taken the next morning, after I exited my cell, and was returned to me the Following day under authority of administrators.
>
> Mrs. Gwin not only uses her authority to harm and humiliate me, but I have received ridicule and threats on her behalf from my fellow inmates as well.

(ECF No. 1, p. 7). Plaintiff also asserts an official capacity claim related to these facts.

Finally, in Claim Three, Plaintiff claims Defendant Sturgeon violated his constitutional rights through his conditions of confinement and "tampering with medication." (ECF No. 1, p. 8). Specifically, Plaintiff alleges:

> As of Friday October 5th, my medications have been brought to me, and all other inmates as well, crushed together and put into the same package. This is very dangerous, because I take blood pressure medicine that is time released. So do others. If I understand correctly, it is against the law to tampers with meds, without a license.
>
> I have congestive heart failure, and I have noticed a hike in my blood pressure since this practice began. I also have had to request my blood pressure taken for the last week or so. A CHF patient should be checked several times daily. Please help. Ignorance is going to kill us all.

(ECF No. 1, p. 9). Plaintiff also makes an official capacity claim against Defendant Sturgeon related to the practice of ACDC in crushing detainees' medication. *Id.*

Plaintiff only seeks compensatory damages as relief in this matter.

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

The facts set forth in Plaintiff's Complaint against Defendant Gwin in Claim Two do not support a plausible cause of action for relief under 42 U.S.C. § 1983. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001) (explaining a plaintiff's claim should be dismissed for failure to state a claim if it appears beyond a doubt the complaint can prove no set of facts to support his purported cause of action.)

It is well established that "[v]erbal threats do not constitute a constitutional violation."

*Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under Section 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail official did not rise to the level of a constitutional violation). The only factual allegations Plaintiff asserted against Defendant Gwin in Claim Two are: (1) that she threatened to spray him with mace; and (2) that she humiliates him through ridicule and threats. Accordingly, Plaintiff has failed to state a cognizable against Defendant Gwin for excessive force or conditions of confinement in Claim Two.

Additionally, without a cognizable constitutional violation alleged, there can be no official capacity claim against Defendant Gwin in Claim Two. *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020) *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

Regarding Plaintiff's Claim One against Defendants Sturgeon, Guy, and Gwin and Claim Three against Defendant Sturgeon, the Court has reviewed the facts alleged by Plaintiff and finds he states claims, at this juncture, for violation of his constitutional rights. These claims should survive for service of process and an Answer from Defendants.

### IV. CONCLUSION

For these reasons, it is recommended that:

(1) Plaintiff's Claim Two against Defendant Gwin be dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1); and

(2) Plaintiff's Claim One against Defendants Sturgeon, Gwin, and Guy and Claim Three against Defendant Sturgeon, in their individual and official capacity, should proceed. A separate

Order for service of process will issue.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of December 2023.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE